■ In the Matter of HOWARD A. LEVINE, as District Attorney of Schenectady County, Respondent, v. SAM DE CESARE, Also Known as SMERALDO DE CESARE, Appellant.— SWEENEY, J. Appeal from an order of the Supreme Court, Schenectady County, rendered September 13, 1968, adjudging appellant guilty of contempt and imposing a jail sentence of thirty days. In May of 1968, a Schenectady County Grand Jury commenced an investigation of charges of widespread gambling and corruption. Appellant was subpoenaed to appear and testify as a witness before the Grand Jury on July 24, 1968. He subsequently appeared before that body on five other occasions; he was never sworn as a witness. He either refused to be sworn in order to consult with his attorney, or he stated he would not testify in the presence of the District Attorney. He received several adjournments to enable him to consult with his attorney and on two of these occasions his attorney was actually in the building outside the Grand Jury room. The Grand Jury voted to grant him immunity. It also agreed at one point to adopt his unorthodox procedure and permit him to testify in the absence of the District Attorney on the condition that he later would submit to cross-examination. On September 13, 1968, he again appeared before the Grand Jury and once more refused to be sworn because he wanted to consult with his attorney. After he summarily walked out of the Grand Jury room, he was finally brought before the court and directed to return to the Grand Jury to continue the proceedings. He went back and again refused to be sworn. He again appeared before the court, was found guilty of contempt, and sentenced to 30 days in jail. From an examination of the complete record it is abundantly clear that appellant's rights were fully protected and that he contumaciously refused to be sworn as a witness before the Grand Jury. The record clearly reflects that during the nearly two-month period in which appellant appeared before the Grand Jury, he had ample opportunity to consult with counsel and, in fact, did so. He was not entitled to have his attorney appear with him in the Grand Jury room (People v. Ianiello, 21 N Y 2d 418), nor was he entitled, under the circumstances, to another adjournment to consult with his attorney. Order affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.